IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER KENYON,

Plaintiff,

v.

DR. JULIAN GUTIERREZ, *et al.*,

Defendants.

No. 4:24-CV-00426

(Chief Judge Brann)

## MEMORANDUM OPINION

**APRIL 23, 2026**

Plaintiff Christopher Kenyon filed the instant *pro se* civil rights lawsuit, alleging inadequate medical care by providers at SCI Camp Hill as well as several private medical defendants.  His Section 1983[1] claims alleged Eighth Amendment deliberate indifference to serious medical needs and First Amendment retaliation.  Kenyon's federal and state-law claims have been narrowed to a single First Amendment retaliation claim against the superintendent of SCI Camp Hill.  Presently pending is Defendant's motion for summary judgment under Federal Rule of Civil Procedure 56.  Because Kenyon has not responded to the Rule 56 motion and thus has failed to carry his burden on the remaining Section 1983 claim, the Court will grant the unopposed motion for summary judgment.

---

[1] 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I.    FACTUAL BACKGROUND[2]

When Kenyon filed his lawsuit, he was imprisoned at SCI Camp Hill.[3]  He is no longer incarcerated.[4]

The Court need not rehash the extensive procedural history of this case.  As is pertinent for the pending Rule 56 challenge, Kenyon's initial claims have been systematically winnowed through screening and motion practice to a single First Amendment retaliation claim against SCI Camp Hill Acting Superintendent M. Gourley.[5]  Kenyon alleges that Gourley canceled an outside surgical appointment in September 2022 in retaliation for filing a prison grievance.

Gourley now moves for summary judgment on Kenyon's remaining retaliation claim.[6]  Kenyon has failed to respond to Gourley's Rule 56 motion in any way.  The deadline for a Rule 56 response has passed, but Kenyon has neither filed a response nor sought an extension of time to do so.  Gourley's unopposed motion for summary judgment is therefore ripe for disposition.

---

[2]  Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1.  A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.*  Defendant properly filed his statement of material facts, (Doc. 73), but Kenyon failed to respond to that statement.  Accordingly, the Court will deem admitted the facts in Defendant's Rule 56.1 statement. *See* LOCAL RULE OF COURT 56.1.

[3]  *See* Doc. 1 at 3.

[4]  *See* Doc. 57 at 1.

[5]  *See* Doc. 67 at 2 ¶ 3.

[6]  Doc. 72.

## II.    STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[7]  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8]  Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[9]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[10]  The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[11]  This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[12]  A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury

---

[7]    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[8]    FED. R. CIV. P. 56(a).
[9]    *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (quoting *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).
[10]    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[11]    *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).
[12]    *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).

could reasonably find for the [nonmovant]."[13]  Succinctly stated, summary

judgment is "put up or shut up time" for the nonmoving party.[14]

### III.   DISCUSSION

Gourley contends that Kenyon is unable to satisfy his Rule 56 burden

because, *inter alia*, he cannot adduce any competent evidence that Gourley took an

adverse action against him.[15]  The Court agrees and finds that Kenyon has failed to

carry his Rule 56 burden, so judgment must be entered in Gourley's favor.

### A.   Failure to Oppose Rule 56 Motion

First, Kenyon has failed to carry his burden at summary judgment because

he has not opposed Gourley's Rule 56 motion in any way.  Kenyon has not

identified any record evidence that would rebut Gourley's contention (and

supporting evidence) that he did not retaliate against Kenyon.  Kenyon has not, for

example, pointed to a declaration or affidavit, witness statement, documentary

support, or any other evidence that could sustain a verdict in his favor.  In fact,

Kenyon has not even responded to Gourley's Rule 56 motion, meaning that—

pursuant to Local Rule 7.6—the motion is deemed unopposed.[16]

---

[13]  *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).

[14]  *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

[15]  *See* Doc. 74 at 10-12.

[16]  *See* LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").

At summary judgment, "the non-moving party *must oppose the motion* and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice."[17] Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment.[18]  No materials have been provided or cited by Kenyon in opposition to Gourley's Rule 56 motion.  Thus, because Kenyon has failed to establish that there is a genuine dispute of material fact for trial, the Court must grant Gourley's motion for summary judgment.

### B.    Merits of the Section 1983 Claim

A second reason that summary judgment must be granted in Gourley's favor is that, upon consideration of the Rule 56 record, there is no evidence that would sustain a verdict in Kenyon's favor on his First Amendment retaliation claim.

Although a prisoner's constitutional rights are necessarily circumscribed, an inmate still retains First Amendment protections when they are "not inconsistent" with prisoner status or with the "legitimate penological objectives of the corrections system."[19]  To establish a First Amendment retaliation claim, a plaintiff

---

[17]  *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (emphasis added) (alteration omitted) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).

[18]  FED. R. CIV. P. 56(c)(3).

[19]  *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010)).

must show that (1) "he was engaged in constitutionally protected conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the plaintiff's protected conduct was a "substantial or motivating factor" in the prison officials' decision to take the adverse action.[20]

As noted above, Kenyon alleges that Gourley retaliated against him by canceling an outside surgery appointment in September 2022.  However, the undisputed record evidence shows that Kenyon had a surgical consultation on August 17, 2022, and was scheduled for surgery on December 6, 2022.[21]  That surgery occurred on December 6, 2022, as planned.[22]  At no time was Kenyon scheduled for surgery in September 2022, nor was a surgical appointment canceled.[23]

Because there is no evidence that Gourley canceled a surgical appointment (or any other medical appointment, for that matter), there is no evidence of an adverse action.  So even if the Court were to reach the merits of Gourley's Section 1983 claim (despite his failure to oppose the instant Rule 56 motion), Gourley's motion for summary judgment would be granted.

## IV.    CONCLUSION

---

[20]    *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser*, 241 F.3d at 333).

[21]    *See* Doc. 73 ¶¶ 19-23.

[22]    *See id.* ¶ 23.

[23]    *See id.* ¶ 26.

Based on the foregoing, the Court will grant Gourley's unopposed motion for summary judgment.  An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

7